DAVID A. NELSON, Circuit Judge,
concurring.
I agree with this court’s ultimate disposition of the appeal, but I am uncertain as to whether 28 U.S.C. § 455(b)(4) required the magistrate and district judges to disqualify themselves. If disqualification was required, however, I am satisfied that remedial action on our part is neither necessary nor appropriate.
It seems to me that the membership of the two judges in the State Bar of Michigan’s Standing Committee on United States Courts might, depending on the nature and extent of the judges’ involvement with the committee, constitute “a relationship as ... adviser[ ] or other active participant in the affairs of a party....” 28 U.S.C. § 455(d)(4). Such a relationship, if it existed, would by definition constitute a “financial interest” in the party, and in my view it would be disqualifying, under the plain language of the statute, irrespective of whether the party was a nonprofit organization.
It is true that in Plechner v. Widener College, Inc., 569 F.2d 1250, 1262 n. 6 (3d Cir.1977), the Third Circuit distinguished between business corporations and nonprofit organizations such as the American Bar Association in suggesting that an interest in the bar association would be disqualifying only if a need for disqualification were indicated under the “substantial effect test.” The specific interest discussed by the Third Circuit in this connection, however, was a hypothetical interest of the trial judge in avoiding personal exposure, as an ABA member, to liability for a share of any damages that might be awarded against the bar association. Nowhere in the Plechner opinion is there any reference at all to the kind of relational interest that concerns us here — the interest that arises from “a relationship as adviser[] or other active participant in the affairs of a party....”
I should add that I do not think that § 455 would prevent all federal judges from hearing cases involving bar associations of which they are members. Mere membership in a bar association does not constitute “active participation]” in the association’s affairs. Cf. Parrish v. Board of Comm’rs of Ala. State Bar, 524 F.2d 98, 104 (5th Cir.1975) (en banc) (“No interest exceeding mere membership is asserted. This is not a ground for disqualification.”), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). And even a judge who sits on a bar committee might not in all circumstances have a “financial interest” within the meaning of the statute. Not all committee members are “adviser[s],” and not all participation is “active.”
If the magistrate and district judges in this case were, in fact, “adviser[s] or ... active participants] in the affairs” of the state bar, and were required on that basis to disqualify themselves, it does not necessarily follow that the judgment appealed from must be vacated. As the Supreme Court has observed, § 455 “neither prescribes nor prohibits any particular remedy for a violation” of the duty to disqualify. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 862, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). Under Liljeberg, a “harmless error” analysis applies to violations of § 455. See id.; Harris v. Champion, 15 F.3d 1538, 1571-72 (10th Cir.1994). A judgment should be vacated only if allowing the judgment to stand would be unjust or would undermine the public’s confidence in the judicial process. *459 See Liljeberg, 486 U.S. at 864, 108 S.Ct. 2194.
In the case now before us, I am satisfied that any violation of the statute was harmless. Mr. Lawrence has not shown that the membership of the magistrate and district judge in the state bar committee on the federal courts was likely to influence their handling of a lawsuit concerning an entirely distinct matter — Lawrence’s admission to the bar. I do not think any rational observer would conclude that bias caused the two judges to rule as they did. (Indeed, this court has reviewed the district court’s decisions and found its legal rulings to be correct and its discretionary rulings to be reasonable.) Vacating the district court’s judgment in these circumstances would neither remedy an injustice nor prevent a loss of public confidence in the judicial process.
Accordingly, I would affirm the denial of the motion to disqualify on the ground that any error was harmless. In all other respects I join the majority opinion.